UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JENNIFER W. [1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:22cv119 |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act and for Supplemental Security Income under Title XVI of the Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. Since the alleged onset date of disability, July 20, 2001, the claimant has had the following severe impairments: type II diabetes (B2F, B41F); chronic obstructive pulmonary disease (COPD) with a history of smoking (B1F, B2F, B8F, B43F); history of coronary artery disease, status post stent placement in November 2010 (B1F, B16F, B42F); gastroesophageal reflux disease (GERD) (B1F, B41F, B43F); history of goiter/thyroid nodule (B43F, B54F); obesity, hypertension and hyperlipidemia (B2F, B41F, B43F); chronic pain syndrome (B41F); bipolar disorder and panic disorder without agoraphobia (B2F, B40F, B41F, B45F). Beginning on the established onset date of disability, March 19, 2020, the claimant has had above-listed severe impairments as well as fibromyalgia (B28F, B30F, B39F); lumbar and cervical facet arthropathy/radiculopathy/sacroiliitis (B27F, B29F, B32F, B34F, B38F); degenerative joint disease of the left knee (B27F, B32F); vocal cord polyps (B14F) (20 CFR 404.1520(c) and 416.920(c)).

4. Since March 16, 2012, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that from March 16, 2012 through December 31, 2014, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with certain restrictions. Specifically, the claimant could stand and/or walk for only two hours during an eight-hour workday. She could occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds. She could occasionally balance, stoop, kneel, crouch, and crawl. She could occasionally reach overhead bilaterally. She was to avoid concentrated exposure to extreme cold, heat, humidity, pulmonary irritants (including fumes, odors, dust, gases, poorly ventilated areas, and chemicals), as well as hazards (including operational control of dangerous moving machinery, unprotected heights, slippery/uneven/moving surfaces). Mentally, the claimant was limited to understanding, carrying out and remembering simple instructions consistent with unskilled work (defined as occupations that can be fully learned within a short period of time of no more than 30 days, and required little or no judgment to perform simple tasks) with the ability to sustain those tasks throughout the eight-hour workday without frequent redirection to task. The ability to use judgment in making work -related decisions was limited to making only simple work -related decisions. The claimant could not work in an environment that is stringently production or quota based and thus could not perform fast-paced assembly-line type of work, but could meet production requirements that allow

her to sustain a flexible and goal oriented pace. She could have only superficial interactions with supervisors, coworkers, and the general public, defined as occasional and casual contact with no prolonged conversations.

6. After careful consideration of the entire record, the undersigned finds that beginning on March 19, 2020, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with certain restrictions. Specifically, the claimant can stand and/or walk for less than two hours during an eight-hour workday and can lift and/or carry less than 10 pounds. She can occasionally climb ramps and stairs, but can never climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can occasionally reach overhead bilaterally. She must avoid concentrated exposure to extreme cold, heat, humidity, pulmonary irritants (including fumes, odors, dust, gases, poorly ventilated areas, and chemicals), as well as hazards (including operational control of dangerous moving machinery, unprotected heights, slippery/uneven/moving surfaces). Mentally, the claimant is limited to understanding, carrying out and remembering simple instructions consistent with unskilled work (defined as occupations that can be fully learned within a short period of time of no more than 30 days, and requires little or no judgment to perform simple tasks) with the ability to sustain those tasks throughout the eight-hour workday without frequent redirection to task. The ability to use judgment in making work -related decisions is limited to making only simple work -related decisions. The claimant cannot work in an environment that is stringently production or quota based and thus cannot perform fast-paced assembly-line type of work, but can meet production requirements that allow her to sustain a flexible and goal oriented pace. She can have only superficial interactions with supervisors, coworkers, and the general public, defined as occasional and casual contact with no prolonged conversations.

7. Since July 20, 2001, the claimant has been unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

8. Prior to the established disability onset date, the claimant was a younger individual age 18-49. The claimant's age category has not changed since the established disability onset date (20 CFR 404.1563 and 416.963).

9. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

10. Prior to March 19, 2020, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills. Beginning on March 19, 2020, the

claimant has not been able to transfer job skills to other occupations (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11. Prior to March 19, 2020, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

12. Beginning on March 19, 2020, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

13. The claimant was not disabled prior to March 19, 2020, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

14. The claimant was not under a disability within the meaning of the Social Security Act at any time through December 31, 2014, the date last insured (20 CFR 404.315(a) and 404.320(b)).

(Tr. 1337-1351).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on October 17, 2022. On November 22, 2022 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff raises one argument. She claims that the ALJ's decision is "fatally defective" because she believes the ALJ's findings were not based upon a preponderance of the evidence. Plaintiff relies on 20 CFR 404.953, which states, in pertinent part:

> ( a ) General. The administrative law judge shall issue a written decision that gives the findings of fact and the reasons for the decision. The administrative law judge must base the decision on the preponderance of the evidence offered at the hearing or otherwise included in the record.

Plaintiff apparently reads this regulation as requiring the ALJ to include the words "preponderance of the evidence" in the decision. There is no such requirement in the regulation. Moreover, Plaintiff has not supported her claim that the decision was not based on a preponderance of the evidence with any substantive argument. A "preponderance" is simply a greater weight. Obviously, the ALJ found greater weight on the side of "not disabled" than to the side of "disabled", as the decision denies benefits for the earlier portion of the claim period. Out of the three levels of burden of proof (beyond a reasonable doubt, clear and convincing,

preponderance of the evidence), the latter is the lowest. Thus it is hard to fathom an ALJ decision that did not employ the preponderance of the evidence standard.

In the present case, the ALJ spent over 10 single-spaced pages carefully discussing and weighing the evidence. In fact, the ALJ found that Plaintiff is currently disabled, but was not disabled prior to March 19, 2020. Such a split decision requires painstaking review of the evidence. The ALJ clearly pondered the evidence, gave it more or less weight, and then supported his findings with clear and cogent analysis. There is nothing in the decision that suggests that the ALJ was requiring Plaintiff to prove her disability beyond a reasonable doubt or by clear and convincing evidence. Plaintiff has not argued otherwise, but has simply assumed that the ALJ did not use the preponderance of the evidence standard when weighing the evidence. This Court will not entertain such an unfounded assumption.

As the decision is supported by substantial evidence, it will be affirmed.

Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby AFFIRMED.

Entered: February 2, 2023.

s/ William C. Lee
William C. Lee, Judge
United States District Court